

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-3093
Re: Commissioners' Court is authorized to add Texas Defense Guard, and related question.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Honorable J. Watt Page, Brigadier General, Adjutant General of Texas, on November 18th 1940, by order of the Governor, authorized the organization of a unit of the Texas Defense Guard for Marshall, which I understand has been perfected.

"QUESTION: Would the Commissioners' Court of a county be allowed to donate monthly, or otherwise, for the up-keep and maintenance of such unit of the Texas Defense Guard? In the event you should answer 'Yes', then in that event, should the Commissioners' Court desire to make the donation, would it be necessary to amend the budget to take care of this expense, as the budget already finally adopted does not carry an item of this kind, and not mentioned in the 1941 budget?"

House Bill 45 of the 47th Legislature of Texas, signed and approved by the Governor on February 10, 1941, creates and provides for the Texas Defense Guard; Section 4 of the Act reads as follows:

"Sec. 4. Requisitions. Armories. Other Buildings. For the use of such forces, the Governor is hereby authorized to requisition from the Secretary of War such arms and equipment as may be in possession of, and can be spared by, the War Department; and to make available

> to such forces the facilities of State armories and
> their equipment and such other State premises and property
> as may be available. Authorization is hereby provided
> for school authorities to permit the use of school
> buildings by the Texas Defense Guard; <u>provided further
> that County Commissioners Courts, city authorities,
> communities, and civic and patriotic organizations are
> empowered and authorized by this Act to provide funds,
> armories, equipment, material, transportation, or other
> appropriate services or facilities, to the Texas Defense
> Guard."</u>

It therefore follows that your first question should be answered in the affirmative and it is so answered.

Opinion No. O-1022 of this department holds that the Commissioners' Court may legally employ a county home demonstration agent and pay her a salary, even though no provision was made for same in the county budget, if the Commissioners' Court amends the budget to take care of same and makes a fact determination that this is a case of "grave public necessity to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget." We enclose herewith a copy of said opinion.

In answer to your second question you are respectfully advised that it is the opinion of this department that if the Commissioners' Court determined that the matter inquired about was a case of "grave public necessity to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget" the court would have authority to amend the budget and aid the Texas Defense Guard.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) WM. J. FANNING
Assistant

WJF:GO

ENCLOSURE

APPROVED FEB 21, 1941

(Signed) GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB CHAIRMAN